United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michel Vilanova, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-22391-Civ-Scola |
| | ) |
| Mobility Medical Transport, Inc. | ) |
| and others, Defendants. | ) |

**Order Denying Motion to Vacate**

This matter is before the Court on Plaintiff's motion to vacate this Court's October 8, 2019 Order denying the Plaintiff's motion for FLSA class certification and dismissing the case. Upon consideration of the motion and the record in this case, the Court denies the Plaintiff's motion. (**ECF No. 21.**)

On September 4, 2019, the Court directed the Plaintiff to file a motion for default judgment or a notice of joint liability by September 18, 2019. (ECF No 16.) The Court warned the Plaintiff that failure to file the required motion or notice within the specified time would result in dismissal without prejudice. (*Id.* at 2.) At the time of the Court's dismissal order on October 7, 2019, the Court dismissed the case because the Plaintiff failed to file a motion for default judgment. (ECF No. 19.) On October 17, 2019, the Plaintiff filed a motion under Rule 60(b) asking the Court to vacate the order because the Plaintiff's failure to move for default judgment was a mistake. (ECF No. 21 at 1.) The Plaintiff asserts that he has now filed the proper motion for default judgment under Rule 55(b). (*See* Motion for Default Judgment, ECF No. 20.)

Rule 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief under Rule 60(b) "is afforded only upon a showing of exceptional circumstances." *Securities and Exchange Comm'n v. Lauer,* No. 03-80612, 2015 WL 11004892, at *3 (S.D. Fla. Nov. 24, 2015) (Marra, J.).

The Plaintiff has not presented a sufficient basis for this Court to vacate the order dismissing his case. The Plaintiff has still failed to follow the Court's instructions. The Court's Order on Default Judgment Procedure instructed the Plaintiff to move for clerk's default as Defendant Yanko Valdez and then move for default judgment against all three Defendants, once the Clerk's defaults were in place. (ECF No. 16.) The Plaintiff moved for Clerk's Default on September 17, 2019, but it was *denied.* The Clerk's docket entry states that non-entry of default was entered because the return of service has not been entered on the docket. (ECF No. 18.) The Plaintiff's recent motion for default judgment moves for default against all three Defendants, although a Clerk's default has only been entered as to two Defendants. (ECF No. 20.) Accordingly, the motion for default judgment is **denied**. (**ECF No. 20**.) Plaintiff has failed, yet again, to follow the Court's instructions and properly move for default in the time allotted. Therefore, the Plaintiff's motion to vacate the prior order dismissing this case is **denied**. (**ECF No. 21**.)

The Clerk is directed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** at Miami, Florida, on October 28, 2019.

_____
Robert N. Scola, Jr.
United States District Judge